INTERNATIONAL PAPER COMPANY v. AUD.

4-7934                                          196 S. W. 2d 578

Opinion delivered October 7, 1946.

*Gaughan, McClellan & Gaughan,* for appellant.

*G. W. Lookadoo,* for appellee.

MINOR W. MILLWEE, Justice. Appellee, Earl A. Aud, recovered judgment against appellant, International Paper Company, in the Clark Circuit Court. The action was predicated upon an alleged breach of an oral contract between the parties in which appellee was employed to cut timber for appellant, and, in order to perform his part of the contract, appellee was required to purchase a sawmill and other equipment. It was alleged in the complaint that appellant agreed to reimburse appellee for the construction of a road to the mill, and to furnish appellee sufficient timber for operation of the mill throughout the year 1944. It was also alleged that appellant breached its agreement by ordering appellee to cease operation of the mill on or about September 1, 1944, and refusing to furnish timber for cutting after that date. Damages were prayed for loss of $2,800 on the mill and equipment, which appellee was required to furnish under the alleged contract, and $300 as a reimbursement for construction of the road.

Summons was issued and the return shows that it was served on "W. W. Southall, agent for International Paper Co., in Clark Co., Ark." Appellant, appearing specially for that purpose, first moved to quash the service, alleging that it was a foreign corporation organized under the laws of New York, with its legal domicile at Camden in Ouachita county, Arkansas, and authorized to do business in this state; that it is not subject to a personal action for a breach of contract in Clark county because it maintains no branch office or place of business there, and has no agent in said county upon whom legal process can be served; that W. W. Southall is not an agent upon whom legal service may be had in Clark county.

Appellee filed a response to the motion to quash alleging the sufficiency of the service on W. W. Southall as appellant's agent for service in Clark county. The trial court heard the motion to quash the service upon the testimony of Southall. The motion was overruled and appellant duly excepted to the ruling of the court and reserved the issue as to the service in its answer. The answer denied all the allegations of the complaint, except the allegation that appellant is a foreign corporation organized under the laws of New York and authorized to do business in Arkansas, which was admitted. The cause was submitted to a jury which resulted in a verdict and judgment in favor of appellee for $3,000. This appeal follows.

The first contention made by appellant for a reversal of the judgment is the alleged insufficiency of the service. If this contention is sustained, it becomes unnecessary to consider the other assignments of error urged in the motion for new trial.

The testimony of W. W. Southall on the motion to quash service was substantially as follows: Witness resides at Amity in Clark county, and is employed by appellant to check timber lands in five counties, including Clark county, for trespass, fire control, and marking timber for cutting and removal. He pays the rent on his home in which he has a telephone and neither he nor

appellant maintains an office there or any other place in the five counties in which he works. He usually leaves home about 7 :30 a. m. and returns about 7 p. m. Reports are sent to the company once a month showing the timber areas that are marked for cutting and the location and extent of any fire damage. There are no signs or other indications around his home that appellant has any office there or anything to do with the home. He works on a salary and sometimes hires men to mark timber who keep their own time which he reports to the company. Township plats, which are kept at his home, are used in making his reports. These reports are mailed from Amity and towns in the other four counties where he is employed. There are four or five other employees of the company working in Clark county, but none of these have any authority over him. The company owns 67,000 acres in Clark county, but witness looks after only a part of this acreage.

Service on appellant was attempted under § 1369, Pope's Digest, which provides that suits may be brought against any foreign or domestic corporation in any county in the state in which such corporation maintains a branch office or other place of business by service of a summons upon the agent, servant or employee in charge of said office or place of business. This statute was enacted in 1909 and has been analyzed and construed in many cases in determining whether a branch office or other place of business was maintained by a corporation within the meaning of the statute. *Fort Smith Lumber Co.* v. *Shackleford,* 115 Ark. 272, 171 S. W. 99, was one of the first of these cases, and it was there said that the statute contemplates that there must be maintained a place where a well defined line of business is carried on with an agent in charge of that business. Service was had in that case upon the manager of a commissary which was maintained by the lumber company in connection with a logging camp, and the service was held to be valid.

To sustain the action of the trial court in overruling the motion to quash, appellee cites a number of cases in

which this court has held that service upon an agent of a corporation is sufficient service upon the corporation under the statute, but in all the cases cited the evidence disclosed that the service was upon an agent or employee in charge of a place of business kept or maintained by the corporation in the county where the action was brought. Appellee particularly relies upon the case of *Arkansas Power & Light Co.* v. *Hoover,* 182 Ark. 1065, 34 S. W. 2d 464. In that case service was had upon the manager of a drug store who was the company's agent for collection of bills owed by customers of the company. The evidence showed that an established place of business was maintained where monthly bills were regularly paid to a salaried agent at the place of business. Mr. Justice MEHAFFY, speaking for the court in that case, said: ''The important thing in determining this question is that the corporation itself established a place of business where its bills could be paid and receipted for, and when a corporation establishes such a place and receives and receipts for money paid for its services through an agent, it has for all reasonable and practical purposes established such a place of business as mentioned in § 1152 of C. & M. Digest.''

It is contended by appellee that the home of Southall in the instant case should be determined as ''a branch office or other place of business'' of the paper company, within the meaning of the statute. There is no evidence that the company had anything to do with the maintenance of Southall's home. He paid the rent on his home and his work for the company was not confined to a place where he could be located, as was true in the case of the agent in the Hoover case, *supra,* but his daily duties were performed over a large timber area in five counties. There is testimony showing that Southall made reports to the company from township plats kept in his home, and reported the time of other employees which the latter kept, but these duties do not, in our opinion, constitute sufficient transactions to convert the home of Southall into ''a branch office or other place of business'' of the paper company. We think it would be an unwarranted

430.

extension of the rule followed in the Hoover case to hold the home of Southall to be the branch office or place of business of the company under the testimony presented on that issue.

We conclude, therefore, that Southall was not an agent in charge of a branch office or other place of business of appellant within the meaning of the statute, and that service upon him was insufficient to confer jurisdiction upon the courts of Clark county. It follows that the motion to quash the service should have been sustained, and as that question has been properly reserved throughout the trial, the judgment of the trial court will be reversed and the cause remanded with directions to quash the service upon appellant.